Ocie **HENDERSON**, an individual,
Plaintiff—Appellee,

v.

**COUNTY OF LOS ANGELES**,
Defendant,

and

Grady **Miles**, Badge Number 406911, in his capacity with the County of Los Angeles Sheriff's Department; Ken **McWaid** individually and in his capacity with the County of Los Angeles Sheriff's Department, Defendants—Appellants.

No. 06–56039.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2008.*

Filed Sept. 19, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Louis P. Dell, Esq., Law Office of Louis P. Dell, Los Angeles, CA, for Plaintiff–Appellee.

Henry Patrick Nelson, Esq., Nelson & Fulton, Los Angeles, CA, for Defendant.

Henry Patrick Nelson, Esq., Amber A. Logan, Esq., Nelson & Fulton, Los Angeles, CA, for Defendants–Appellants.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM **

Los Angeles County Deputy Sheriff Grady Miles ("Detective Miles") and Los Angeles County Sheriff's Sergeant Ken McWaid ("Sergeant McWaid") (collectively, "the Officers") interlocutorily appeal the district court's order denying them qualified immunity in this 42 U.S.C. § 1983 action brought by Ocie Henderson against the Officers. We have jurisdiction pursuant to 28 U.S.C. § 1291 and the collateral order doctrine, *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Because the district court correctly denied the Officers' qualified immunity claims, we affirm.[1]

Viewing the facts in the light most favorable to Henderson, we review *de novo* whether there are any genuine issues of material fact. *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). We also review whether the district court properly applied the two-pronged qualified immunity test outlined in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).[2] *See Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir.2004).

To determine whether peace officers are entitled to qualified immunity, we apply a two-pronged test. 533 U.S. 194, 121 S.Ct. 2151. First, we consider whether the facts alleged, viewed in the light most favorable to the party asserting the injury, show that the officers violated a constitutional right. *Id.* at 200, 121 S.Ct. 2151. If no constitutional right was violated, the inquiry ends and qualified immunity attaches. *Id.* Second, we consider whether the right was clearly established. *Id.* at 201, 121 S.Ct. 2151. Here, Henderson has alleged constitutional injuries as to his warrantless arrest and the warrantless search of his vehicle. Because genuine issues of materi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. While the district court's decision is contained in its *Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment,* June 19, 2006, we note that this appeal rests solely on the denial of qualified immunity. We therefore decide only that issue.

2. We note that the Supreme Court recently granted certiorari in *Pearson v. Callahan,* —— U.S. ——, 128 S.Ct. 1702, 170 L.Ed.2d 512 (2008), and affirmatively directed the parties to brief and argue the issue whether *Saucier* should be overruled. *Callahan* involves the application of *Saucier* and the qualified immunity doctrine to situations involving the "consent once-removed doctrine." But this is not at issue here. Therefore, we decide the present appeal.

al fact exist as to both, we affirm the district court's denial of qualified immunity to the Officers.

Ocie Henderson, an African American, owns and manages Post Oh Business Center ("Post Oh"), a Commercial Mail Receiving Agency ("Receiving Agency") located in Monrovia, California. On the morning of August 2, 2004, Detective Miles entered Post Oh to investigate an identity theft. Detective Miles first asked Henderson to see the 1583 Forms for every post office box contained in Section 400 (i.e., Box 401, Box 402, etc.),[3] but then changed his request to only boxes 415 to 425. Henderson asked several times if Detective Miles could be more specific. Detective Miles responded that more specificity would compromise the investigation and that Henderson was required by law to produce the requested forms.[4] Henderson stated, "[i]f its an argument you're looking for, you're not going to get one," and continued to perform other work. Detective Miles then requested and received a blank 1583 Form, made a phone call, told the person on the phone that he was going to "shut this place down" and, without saying anything more, exited the store. Detective Miles obtained a warrant to search Post Oh.

Later that afternoon, Detective Miles returned to Post Oh accompanied by Sergeant McWaid and two police officers. Henderson's co-worker informed the Officers that Henderson had temporarily left the premises. Pursuant to the search warrant, the Officers searched Post Oh and seized the relevant 1583 Forms. When Henderson returned, after the search was complete, he was arrested. As justification for the warrantless arrest, the Officers cited Cal.Penal Codes § 148 ("Section 148")[5] and § 836(a)(1) ("Section 836(a)(1)").[6] Henderson was detained, handcuffed, searched, and held in custody for several hours. Despite not having a search warrant, and despite having already recovered the 1583 Forms that they had sought, the Officers also searched Henderson's vehicle.

Henderson filed a complaint in the district court alleging civil rights violations under § 1983. The Officers moved for summary judgment, which the district court granted as to the Officers acting in their official capacities and denied as to the Officers acting in their individual capacities. The Officers interlocutorily appeal the denial of qualified immunity. We affirm.

3. A United States Postal Service Form 1583 ("1583 Form") is an application for delivery of mail through an agent, the Receiving Agency, and requires information such as the applicant's name, address, telephone number, and two forms of identification. *See infra* n. 3.

4. California law requires persons who maintain a post office box at a Receiving Agency to complete a 1583 Form. Cal. Bus. & Prof. Code §§ 17538.5(c), 22780(a). Section 22780(b) further provides that "[u]pon the request of any law enforcement agency conducting an investigation, the Receiving Agency shall make available to that law enforcement agency for purposes of that investigation

and copying, its copy of the [1583 Form]." A violation of the statute is an infraction, punishable by fine. *Id.* at § 22780(b).

5. Section 148 makes it criminally punishable to willfully resist, delay, or obstruct any public officer in the discharge or attempt to discharge any duty of his or her office or employment. Cal.Penal Code § 148 (West 2000).

6. Section 836(a)(1) authorizes an arrest whenever an officer "has probable cause to believe that the person to be arrested has committed a public offense in the officer's presence." Cal.Penal Code § 836(a)(1) (West 2000).

Applying the first prong of *Saucier*, the district court properly determined that a genuine issue of material fact exists regarding the constitutionality of Henderson's arrest. The Fourth Amendment requires that a peace officer have probable cause to make a warrantless arrest. *See United States v. Jensen*, 425 F.3d 698, 704 (9th Cir.2005) (citation omitted). The test is whether, at the time of the arrest, "the facts and circumstances within the [Officers'] knowledge ... were [insufficient] to warrant a prudent [person] in believing that [Henderson] had committed or was committing an offense." *See, e.g., United States v. Jensen*, 425 F.3d 698, 704 (9th Cir.2005) (citation omitted) (quoting *United States v. Bernard*, 623 F.2d 551, 559 (9th Cir.1980) (internal quotation and citations omitted)).

Here, the district court correctly concluded that genuine issues of material fact exist as to (a) whether Henderson ever affirmatively refused to provide the 1583 Forms; (b) whether Henderson physically impeded Detective Miles from obtaining them; and (c) whether Henderson's alleged confusion regarding Detective Miles's various requests to produce the 1583 Forms constituted an outright refusal to comply.

We also agree with the district court that a genuine issue of material fact exists regarding the constitutionality of the Officers' warrantless search of Henderson's vehicle. The district court correctly concluded that, because a genuine issue of material fact exists regarding the constitutionality of Henderson's arrest, the Officers' first justification for the vehicular search—that it was incident to Henderson's valid arrest—does not hold water. As to the Officers' remaining justifications—Henderson's allegedly uncooperative and "hostile" attitude, the fact that he temporarily left the premises that day, and the Officers' observation of strewn papers in Henderson's vehicle—the district court properly concluded that these justifications were not, without more, sufficient to establish probable cause to search the vehicle.[7]

Having established that genuine issues of material fact exist regarding the constitutionality of Henderson's arrest and the search of his vehicle, the district court applied *Saucier*'s second prong: determining whether these constitutional rights were "clearly established." To do this, the court looks to the specific context of the case and determines "whether it would be clear to a reasonable officer that [her or his] conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

In *MacKinney v. Nielsen*, 69 F.3d 1002, 1006 (9th Cir.1995), we held that failure to comply for a few seconds with a police request does not constitute a violation of § 148. *See also People v. Quiroga*, 16 Cal.App.4th 961, 966, 20 Cal.Rptr.2d 446 (1993) (Section 148 "surely" does not criminalize "a person's failure to respond with alacrity to police orders."). The district court also correctly concluded that a genuine issue of material fact exists as to whether Henderson even hesitated to respond to Detective Miles's request, let alone whether he refused to comply with it.

Henderson has raised genuine issues of material fact regarding the constitutionality of his warrantless arrest and the warrantless search of his vehicle. The district court properly applied the two-pronged

---

**7.** The district court also noted that the Officers did not search the vehicle until *after* they had finished searching Henderson's business: a search which produced the 1583 Forms which Detective Miles originally sought.

test set forth in *Saucier*. We therefore **AFFIRM** the district court's denial of qualified immunity to the Officers in their individual capacities.